AO88 (Rev. 1/94) Subpoena in a Civil Case

U. S. DISTRICT COURT - DE
MISC. CASE # 05-139

## Issued by the
# UNITED STATES DISTRICT COURT

DISTRICT OF   DELAWARE

FILED U.S. DISTRICT COURT DISTRICT OF DELAWARE
2005 JUL 12 AM 11:36

PATRICIA B. WARD

    V.   TRANS UNION LLC

JOSEPH M. WARD

           Defendant

Plaintiffs

SUBPOENA IN A CIVIL CASE

Case Number:[1]

FROM EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

Case Number:  4 04-CV-88-H2

TO:  MBNA AMERICA BANK, N.A.
     Attn: Records Custodian
     1100 North King Street
     Wilmington, DE 19884

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):  See attached Exhibit A.

| PLACE  MBNA AMERICA BANK (DELAWARE)<br>1100 N. King Street<br>Wilmington, DE 19884 | DATE AND TIME<br>July 15, 2005 2PM |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>FRED L. BORCH III, CLERK | DATE<br>7-7-05 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

_Sheila Foell_ - Deputy Clerk - ED/NC   252-830-6009

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

Case 1:05-mc-00139-UNA     Document 2     Filed 07/12/2005     Page 2 of 8

---

## PROOF OF SERVICE

| DATE | PLACE |
|---|---|

SERVED

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
   DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

  (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

  (2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

  (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

  (3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
    (i) fails to allow reasonable time for compliance;
    (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
    (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
    (iv) subjects a person to undue burden.
  (B) If a subpoena
    (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
    (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting form the expert's study made not at the request of any party, or
    (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

  (1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

  (2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## EXHIBIT A

### I. Definitions

1. "You" or "Your" means MBNA AMERICA BANK (DELAWARE).

2. "Patricia B. Ward" refers to Patricia B. Ward with the following identifying information:

   Name: Patricia B. Ward

       Swansboro, NC  28584
       Telephone

       Social Security #      6694

       Date of Birth:        1932

3. "Joseph M. Ward" refers to Joseph M. Ward with the following identifying information:

   Name: Joseph M. Ward

       Swansboro, NC  28584
       Telephone

       Social Security #      2519

       Date of Birth:        1924

### II. Documents to be Produced

1. A paper writeout of computer stored information relating to any and all log entries in Patricia B. Ward's MBNA America credit card application file, which occurred during the interval beginning when her application was referred to RSK on 7/22/2003 by someone with the UNIQUE ID of 32199 and ending with the last entry on Patricia B. Ward's application record (# IDENTIFIER #0189793221).

2. A paper writeout of computer stored information relating to any and all log entries in Joseph M. Ward's computer file which were entered in connection with Patricia B. Ward's application for an MBNA credit card during the interval beginning on June 22, 2002 and ending on May 31, 2005.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

| | | |
|---|---|---|
| PATRICIA B. WARD, <br> JOSEPH M. WARD, <br>    Plaintiffs, <br><br> V. <br><br> TRANS UNION CORPORATION, <br>    Defendant. | § § § § § § § § | CIVIL NO. 4:04-CV-88-H2 |

**DECLARATION OF CUSTODIAN OF RECORDS**

1. My name is _____. I am competent to testify and have personal knowledge of the facts stated herein.

2. I am employed by and am the custodian of records for MBNA America Bank (Delaware). Attached hereto are _____ pages of records of MBNA America Bank (Delaware).

3. The attached records were made at or near the time of the occurrence of the matters set forth in the attached records by, or from information transmitted by, a person with knowledge of those matters. The attached records were kept by MBNA America Bank (Delaware) in the regular course of its business, and as a regular practice of MBNA America Bank (Delaware). The attached records were made in the course of the regularly conducted business activities of MBNA America Bank (Delaware) and as a regular practice of MBNA America Bank (Delaware).

4. The records attached hereto are exact duplicates of the originals.

5. I declare under penalty of perjury that the forgoing is true and correct.

              _____
                    Signature

          Dated: _____

Case 1:05-mc-00139-UNA    Document 2    Filed 07/12/2005    Page 8 of 8